UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEANNIE ANTUS, Plaintiff, | | **ORDER** |
| -against- | | |
| SCHUYLER ELIZABETH SAUTER, Defendant. | | 26-MC-2445 (NCM) (CHK) |

**CLAY H. KAMINSKY, United States Magistrate Judge:**

Plaintiff Jeannie Antus ("Plaintiff") moves to compel non-party Schuyler Elizabeth Sauter ("Respondent") to comply with a subpoena issued to assist Plaintiff in enforcing a judgment entered in *Antus v. Frontrunner Technologies USA, Inc.*, No. 23-CV-7058 (S.D.N.Y.) (the "Underlying Action"). For the reasons stated below, that motion is granted in part and denied in part.

## I. Background

In January 3, 2025, the U.S. District Court for the Southern District of New York entered judgment in Plaintiff's favor against Frontrunner Technologies USA, Inc., Frontrunner Technologies, Inc. (together, "Frontrunner"), and Nathan Elliot in the amount of $326,105.80. Plaintiff has been unable to collect the judgment and claims that Frontrunner is engaging in a "sustained campaign of obstruction." Pl.'s Mem. in Support of Mot. to Compel ("Pl.'s Mem."), ECF No. 1, at 2.

Respondent was Frontrunner's Director of Sales from January 2026 to September 2026. *See id.* at 2; Respondent's Opp., ECF No. 7, at 2. On March 6, 2026, pursuant to Federal Rules of Civil Procedure 45 and 69, Plaintiff issued a document

subpoena seeking information about Frontrunner to satisfy its judgment in the Underlying Action. Pl.'s Mem. at 3. The subpoena sought several categories of information from Respondent related to Frontrunner's financial records and contact information. *Id.* at 3–4. On March 7, 2026, Respondent was served with the subpoena, which had a return date of March 19, 2026 at 5:00 p.m. *Id.* Respondent responded to the subpoena through counsel on March 19, 2026 at 6:14 p.m., about one hour after the specified return date and time. *Id.* Respondent's counsel was only licensed in Canada, not in the United States, and Respondent produced one responsive document—her offer letter—objecting to all other requests. *Id.* at 4. Plaintiff subsequentially obtained leave from the court in the Underlying Action to file the instant motion to compel.

Plaintiff filed the instant motion on June 11, 2026. Respondent opposed on September 4, 2026. Meanwhile, on July 10, 2026—one month after Plaintiff filed the motion but before Respondent filed her opposition—Respondent produced 83 pages of responsive records to Plaintiff, including some bank records and payment ledgers. *See* Pl.'s Reply, ECF No. 8, at 1–2; Pl.'s Decl., ECF No. 9, ¶¶ 4–9. Yet Respondent's opposition failed to mention the belated production and instead maintained that the offer letter was the only responsive document in Respondent's possession or control. *See* Respondent's Opp. at 5–6.

## II. <u>Legal Standards</u>

Rule 69(a)(2) authorizes judgment creditors to obtain discovery from any person or entity in aid of enforcing the judgment, as provided by the Federal Rules or

the procedure of the state where the court is located. The judgment creditor is given wide latitude in using discovery tools to satisfy the judgment, including by issuing a document subpoena to discover information in the aid of execution. *Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405, 2017 WL 10398552, at *1 (E.D.N.Y. Jan. 25, 2017); *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts."). However, any information sought must be reasonably calculated to assist in collection on the judgment. *Allstate Ins. Co.*, 2017 WL 10398552, at *1; *EM Ltd.*, 695 F.3d at 207. The burden of demonstrating relevance lies with the issuing party. *GMA Accessories, Inc. v. Electric. Wonderland, Inc.*, No. 07-CV-3219, 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012).

If the recipient of a nonparty subpoena fails to respond, the judgment-creditor may move to compel compliance pursuant to Rule 45(d)(2)(B)(i). If the recipient still fails to comply with the subpoena or the court's order compelling compliance, the court may hold the responding part in contempt. Fed. R. Civ. P. 45(g).

## III. Analysis

In opposition to the motion to compel, Respondent argues principally that the subpoena is overbroad and that compliance would be unduly burdensome. The Court disagrees. Rule 69(a)(2) permits a broad scope of post-judgment discovery, including obtaining discovery from third parties, so long as it is calculated to assist in collecting on a judgment. *See Aurelius Capital Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 17 (2d Cir. 2014); *Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*,

No. 19-MC-0547, 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022) ("[C]ourts have regularly concluded that the presumption should be in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets." (internal quotations omitted)). Plaintiff's subpoena seeks several categories of documents, all limited to Respondent's employment at Frontrunner, Frontrunner's financial information, and Frontrunner's contact information. The Court finds that Plaintiff's requests are not overbroad. Instead, the requests are properly within the scope of what Rule 69 authorizes by requesting specific information about Frontrunner's financial and contact information to assist Plaintiff in collecting on her judgment in the Underlying Action.

Plaintiff's requests are also not unduly burdensome. Respondent's argument primarily rests on her claim that the subpoena seeks documents outside of her possession or control—especially now that she has resigned from Frontrunner. This argument also falls short. Of course, Respondent cannot be compelled to produce documents that she does not have or cannot reasonably obtain. *See Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016). But at the time the subpoena was issued, Respondent was actively employed at Frontrunner and likely had the ability to obtain documents related to Plaintiff's requests—more than just the offer letter she originally produced. Even though the subpoena's "relevant period" predated Respondent's employment at Frontrunner, that does not excuse her from producing documents that she could reasonably access through her position. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,

490 F.3d 130, 138 (2d Cir. 2007); *In re NTL, Inc. Sec. Litig.,* 244 F.R.D. 179, 195 (S.D.N.Y. 2007) ("Under Rule 34, control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.").

Respondent's resignation from Frontrunner does not change the Court's analysis of the burden caused by complying with the subpoena. Respondent was employed at Frontrunner for several months after the subpoena was originally served and therefore had substantial time to comply, including after the present motion to compel was filed. Further, Respondent's later resignation did not relieve her from the responsibility of complying with the subpoena. Although Respondent may no longer have access to Frontrunner's internal documents, she is still obligated to either supplement her response or submit an affidavit stating that she does not have control over or the ability to obtain the requested documents. *See United States v. Veeraswamy*, 350 F.R.D. 184, 203 (E.D.N.Y. 2025), *decision clarified on reconsideration*, No. 23-CV-9379, 2025 WL 3187284 (E.D.N.Y. Nov. 14, 2025). Respondent stated in her opposition that she would provide an affidavit to that effect, but she has failed to do so. *See* Respondent's Opp. at 4–5. Respondent offers no other specific explanation of the burden posed by the subpoena.

Second, Respondent's argument that she has already complied with the subpoena also falls short. Respondent asserts that she timely complied with the subpoena by producing the one responsive document in her possession—the offer

letter—and raising several objections. However, as explained in Plaintiff's reply, that argument is belied by Respondent's production of over 80 pages of responsive documents transmitted to Plaintiff before Respondent filed her opposition, but after the motion to compel was filed. Several of those documents predated the subpoena, which undermines Respondent's original claim that the offer letter was the only responsive document in her possession. Respondent's belated production establishes that her initial response to the subpoena was incomplete. Respondent must supplement her original response, as discussed above. Again, if Respondent no longer has access to information requested by the subpoena, she must provide an affidavit explaining so.

Plaintiff's motion to compel is therefore granted to the extent Respondent must supplement her response. Otherwise, Plaintiff's motion is denied.

Plaintiff presses the arguments that Respondent's initial response to the subpoena was untimely and that her objections were improperly made by counsel not admitted to any court of the United States. But neither the one-hour delay nor the response from foreign counsel prejudiced Plaintiff. *Cf. Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 320 (S.D.N.Y. 2018) (using the court's discretion to overlook untimeliness of motion to quash); *Marshall Project, Inc. v. City of Cleveland*, No. 24-MC-309, 2024 WL 4589667, at *3–4 (S.D.N.Y. Oct. 28, 2024) (excusing motion to quash filed one day late, finding good cause because the delay did not prejudice the opposing party). Therefore, the Court, in its discretion, will excuse Respondent's delay in responding to the subpoena and for responding initially through Canadian counsel. *Cf. Gesualdi*

*v. Interstate Payroll Co., Inc.*, No. 14-CV-6780, 2016 WL 737909, at *2 (E.D.N.Y. Feb. 22, 2016) (recognizing that courts have discretion to excuse a party's delay in serving timely responses to discovery demands).

Finally, the Court declines to award attorney's fees and costs. Although Rule 45 does not contain an express provision authorizing an award of attorney's fees or other sanctions, the Court may award them pursuant to its inherent authority. *See In re Markus*, 78 F.4th 554, 565–66 (2d Cir. 2023); *S.E.C. v. Kimmes*, No. 89-CV-5942, 1996 WL 734892, at *13–14 (S.D.N.Y. Dec. 24, 1996). However, to award attorney's fees and costs, the Court must first make an explicit finding that the nonparty acted in bad faith. *See Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012). Here, Plaintiff has failed to show that Respondent acted in bad faith. Respondent did not disregard the subpoena but provided an initial response and made nonfrivolous objections. Further, Respondent's later production of relevant documents—although not mentioned in her opposition—further suggests that Respondent has not been acting in bad faith. Without more evidence that Respondent was acting in bad faith, the Court will not grant Plaintiff's request for attorney's fees and costs. However, the Court may hold Respondent in contempt if she fails to comply with this Court's order. *See* Fed. R. Civ. P. 45(g).

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to compel is granted in substantial part. On or before **November 13, 2026**, Respondent must fully and completely produce all documents in her possession, custody or control that are

responsive to Plaintiff's subpoena. If some documents are not—or are no longer—in Respondent's possession, Respondent must provide a sworn affidavit stating so. Failure to comply with this order may result in a finding of contempt pursuant to Rule 45(g).

SO ORDERED.

/s/ Clay H. Kaminsky__________
CLAY H. KAMINSKY
United States Magistrate Judge

Dated: October 29, 2026
Brooklyn, New York